

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2009

# Zhihong Zhao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1577

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zhihong Zhao v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-1577

———————

ZHIHONG ZHAO,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent

———————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A98-892-622)
Immigration Judge:  Honorable Henry S. Dogin

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 1, 2009

Before: AMBRO, FISHER and JORDAN, Circuit Judges

(Opinion filed: June 4, 2009)

———————

OPINION

———————

PER CURIAM

        Zhihong Zhao, a citizen of the People's Republic of China, seeks review of a final

order of the Board of Immigration Appeals ("BIA") affirming a decision of the

Immigration Judge ("IJ") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the following reasons, we will deny Zhao's petition for review.

Zhao entered the United States in March 2005 without inspection. On May 11, 2005, the Department of Homeland Security issued a Notice to Appear that charged Zhao as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Zhao thereafter conceded that he was removable but filed an application for asylum, withholding of removal, and CAT relief claiming past persecution and a well-founded fear of future persecution based on his girlfriend's forced abortion, his violation of China's birth control policy, and his illegal travel to the United States (he alleged that he was only issued an exit visa to travel to Cuba).

At his merits hearing, Zhao claimed that his girlfriend, Yan Hua Zhao, who lived with him in his parents' home, became pregnant in August 2004. Although it was against the birth control policy to impregnate his girlfriend outside of marriage, Zhao and Yan Hua did not get married because they were underage. They moved in with Zhao's uncle to avoid the family planning officials. Nevertheless, in December 2004, when neither Zhao nor his uncle were home, government officials took Yan Hua to a hospital, where she was subjected to a forced abortion. Letters submitted by Zhao from his girlfriend, his father, and his uncle stated that the government officials threatened to fine, arrest, and

imprison Zhao because he violated the family planning laws. Zhao and Yan Hua then went into hiding, and Zhao left China, with an exit visa, in February 2005. Zhao testified that Yan Hua remains in hiding in Shanghai because the government officials still wish to fine her for violating the family planning laws. Zhao also alleged that he was in danger of being persecuted if forced to return to China based on his violation of the family planning policy and because he illegally traveled to the United States.

On March 17, 2006, the IJ denied all requested relief after finding Zhao to be not credible. On January 31, 2008, the BIA dismissed Zhao's appeal.

II.

We have jurisdiction to review the BIA's final order pursuant to 8 U.S.C. § 1252(a)(1). We review the BIA's findings of facts under the substantial evidence standard and will uphold the BIA's determinations "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted). Determinations as to whether an asylum applicant has been persecuted or whether that individual has a well-founded fear of future persecution are factual and are thus entitled to deference. Wang. v. Gonzales, 405 F.3d 134, 138 (3d Cir. 2005). Because Zhao appeals only from the BIA's determination that he failed to demonstrate a well-founded fear of persecution based on his violation of the family

planning policies, that is the only claim that we will consider.[1]  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993), see also Fed. R. App. P. 28.

Substantial evidence supports the BIA's finding that Zhao did not establish a well-founded fear of persecution.  See 8 U.S.C. § 1101(a)(42).  First, although Zhao submitted letters from family members stating that government officials threatened to arrest and imprison him in 2004 for violating the family planning laws, the BIA recognized that he did not submit any objective evidence supporting the allegation that he would be punished upon his return to China.[2]  See Abdille v. Ashcroft, 242 F.3d 477, 496 (3d Cir. 2001) (acknowledging that an applicant must "show that he has a subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility" (internal citation omitted)).  The BIA appropriately determined that, under the circumstances of this case, such a sanction does not rise to the level of persecution.  Cf. Li v. Attorney Gen., 400 F.3d 157, 168-70 (3d Cir. 2005).  Given that Zhao did not

---

[1]      Zhao, who is represented by counsel, mentions in the Statement of the Argument in his brief that he "established that the Chinese birth officials wanted to arrest and imprison him for violating the Chinese birth control policy."  Although this could be read as an argument that the BIA incorrectly determined that he did not establish past persecution, he failed to support this argument in his brief.  See Simmons v. City of Philadelphia, 947 F.2d 1042, 1065 (3d Cir. 1991).  Accordingly, he has waived the claim that the BIA erred in its decision as to past persecution.  See Kost, 1 F.3d at 182.

[2]      Although the BIA did not specifically mention the letters submitted by Zhao's family members, it stated that it reviewed the record and thus there is no indication that the BIA ignored relevant evidence or misconstrued the nature of Zhao's claim.  See Shardar v. Attorney Gen., 503 F.3d 308, 317 (3d Cir. 2007) (requiring the BIA to show that it "reviewed the record and grasped the movant's claims" (internal citation omitted)).

4

submit any objective evidence rebutting the Country Report, we cannot say that the evidence compels a conclusion contrary to the BIA's decision.

Accordingly, we will deny the petition for review.